UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED BY MC D.C.
JUN 20 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

PROVIDED TO
OKALOOSA CI
JUN 09 2023
FOR MAILING
RECEIVED BY

MARIA DIAZ and
ENRIQUE DIAZ,
    Plaintiffs,

vs.     Case No. _____

U.S. BANK, N.A., AS TRUSTEE
FOR SPECIALTY UNDERWRITING
AND RESIDENTIAL FINANCE
TRUST MORTGAGE LOAN ASSET-
BACKED CERTIFICATES SERIES
2007-AB1, and AMERICAN
SECURITY INSURANCE COM-
PANY,
    Defendants.

## COMPLAINT
(Diversity of Citizenship [§1332]; Compensatory & Punitive Damages; Demand for Jury Trial)

## I. PREVIOUS LAWSUITS: [*]

Plaintiffs filed the following previous lawsuits *Maria Diaz, et al., v. U.S. Bank, N.A.*, Case No. 14-CV-20741-BB (So. Dist. Fla.); *Maria Diaz, et al., v. Nationstar Mortgage, LLC*, Case No. 19-CV-22148-COOKE (So. Dist. Fla.)

## II. PARTIES:

Plaintiff: Maria Diaz
743 W. 53rd Street
Hialeah FL 33012

Plaintiff: Enrique Diaz #065599
Okaloosa Corr. Inst.
3189 Col. Greg Malloy Rd
Crestview FL 32359

Defendant: U.S. Bank, N.A.
202 N. Ceder Ave.
Suite: 1
Owatonna, MN 55060

---

[*] In the 1980s-90s Plaintiff Enrique Diaz filed several lawsuits in the U.S. District Court, Middle District of Florida but has no information (i.e., case numbers, case styles, etc.) These suits were settled, one was lost due to *Sandin v. Conner*, and its retroactive application, and another at summary judgment which was affirmed by the Eleventh Circuit.

Defendant: American Security Insurance Co.
260 Interstate North Cir. SE
Atlanta, GA 30339

## STATEMENT OF FACTS

1. Plaintiffs Maria Diaz and Enrique Diaz are the owners of a residence known as 743 W. 53rd Street, Hialeah, FL. 33012 of which U.S. Bank, N.A., is the mortgage holder or trustee and American Security Insurance Company (ASIC) the insurer at times relevant.

2. U.S. Bank, N.A. is a lender head-quartered in Minnesota.

3. ASIC is an Insurance Company head-quartered in Georgia.

4. In 2017 plaintiffs' residence was damaged by Hurricane Irma. The damage included a hole in the roof and the insurer United Property & Casualty Ins. Co. (UPC) issued a check in the amount of $35,108.00 to, inter alia, replace the roof.

5. U.S. Bank, N.A., by and through its servicer Nationstar Mortgage, LLC chose to administer the insurance

-3-

proceeds and oversee the repair process. As a result the repair process became a protracted affair and by May 20, 2019 the roof remained damaged.

6. In May 2019, Nationstar Mortgage sent plaintiff a copy of an insurance policy it had somehow nefariously taken out knowing that the property was severely damaged.

7. The insurance policy was issued by ASIC and an examination of the policy reveals the following facts:

    i) It became effective on 2/26/2019 and expired on 2/26/2020;
    ii) It was "Issued under the provisions of Master Policy No: MIP-RCH-00729-00";
    iii) It did not cover any personal property, liability, medical, etc...; and,
    iv) It cost $4,630.00

See: Insurance Policy of MIP, attached as Exhibit #1

8. At no time prior to the issuance of the coverage did ASIC inspect the property.

1. Plaintiffs refer to it as a policy but in reality it is a certificate that issues from a Master Policy. This is perplexing and suspicious given that plaintiffs' residence is not governed by an association and none of the previous "policies" obtained by U.S. Bank's agents had any similarities and they were actual policies.

-4-

10. Defendant ASIC advised plaintiff that she was not a party to the coverage and therefore she could not alter the coverage or access any documents related to the coverage.

11. Plaintiff Maria Diaz called U.S. Bank's agent Nationstar and made the same requests set forth in paragraph 9, above.

12. U.S. Bank's agent advised plaintiff that she would have to find her own insurer to cover personal property, etc... and that they would not give her any documents other than a copy of the policy.

13. Plaintiff contacted several insurance companies to secure a policy for her residence but was told that the property could not be insured with the existing damage.

14. One insurance company ordered a 4-Point Inspection and during the inspection and upon discovering the roof damage, the inspector called the insurer and was told to discontinue the inspection.

-5-

15. Plaintiffs submit that the defendants' denied them access to the documents related to the application for insurance to conceal the fraud.

16. On June 16, 2019 the ceiling in the living room collapsed and Maria Diaz slipped and hurt her side requiring a visit to urgent care.

17. Plaintiffs filed a claim with ASIC for the collapsed ceiling and air condition vents which were covered by the policy but ASIC denied the claim alleging, inter alia, a failure to disclose the roof damage and pre-existing.

18. Plaintiffs submit that U.S. Bank's agent Nationstar clearly knew the full extent of the damages to the residence when they took out the insurance coverage and that ASIC also knew, or should have known by exercising due diligence that the residence was still damaged and that it was fraudulent to take out or issue a policy.

19. Plaintiffs submit that there exists a business relationship between the defendants and the agents of U.S. Bank which allows U.S. Bank and its agents to purchase a Master Insurance Policy and then issue certificates therefrom to cover the properties thus conferring insurer related duties and responsibilities to the non-insurer to the prejudice of the consumer.

20. Plaintiffs submit that ASIC's rejection of plaintiffs claim constitutes, inter alia, breach of contract, breach of the implied covenant of good faith and fair dealing and fraud and that plaintiffs are third party beneficiaries with an insurable interest pursuant to § 627.405 Florida Statutes and as such have standing to bring such claims.

21. Plaintiffs submit that as a result of the well documented and atrocious history of abuse by the defendants and their agents to the rights of borrowers related to lender placed insurance which includes several class action suits punitive damages are warranted.

22. Plaintiffs submit that as a result of ASIC's denial of their claim the damages to the residence including the spread of mold, plaintiffs daily exposure to the mold and the atendant consequences of such exposure were exacerbated.

23. Plaintiffs submit that the actions of the defendants were intentionally fraudulent designed for monetary gain and that U.S. Bank's agent, for whose actions U.S. Bank is liable, were malicious in that It knew the property was not insurable, that it failed to disclose such and that the coverage was ilusory and would never pay out a claim and thus that charging the $4,630.00 premium to plaintiffs was fraudulent.

24. Plaintiff Maria Diaz continues to be treated by doctors for complications from her continued exposure to mold which mold situation worsened as a result of the consequences of the ceiling collapse and ASIC's failure to honor the claim.

24. Plaintiffs submit that as a result of the defendants actions and inactions as set forth herein plaintiff Enrique Diaz suffered and continues to suffer emotional distress seeing his wife suffer at the hands of the defendants.

## DEMAND FOR JURY TRIAL

25. Plaintiffs respectfully demand a jury trial on each count and allegation herein.

## COUNT I
### (First Cause of Action)

26. Plaintiffs adopt and incorporate herein the facts and allegations set forth in paragraphs #1 through #24, and submit that ASIC's failure to accept and honor plaintiffs' claim constitutes a breach of contract as expressed in paragraph #20 and pursuant to *Fawkes v. Balboa Ins. Co.*, 2012 U.S. Dist LEXIS 20715, 2012 WL 527168 (M.D. Fla. February 17, 2012).

-8-

## COUNT II
### (Second Cause of Action)

27. Plaintiffs adopt and incorporate herein the facts and allegations set forth in paragraphs #1 through #24, and submit that ASIC's failure to accept and honor plaintiffs' claim constitutes a breach of Implied Covenant of Good Faith and Fair Dealing under Florida law. *Mount Sinai Med. Ctr. of Greater Miami, Inc. v. Heidrick & Struggles, Inc.*, 329 F.Supp.2d 1309 (S.D. Fla. 2004).

## COUNT III
### (Third Cause of Action)

28. Plaintiffs adopt and incorporate herein the facts and allegations set forth in paragraphs #1 through #24 and submit that U.S. Bank* and ASIC's taking out and issuing insurance coverage on plaintiffs' residence and charging them $4,630.00 as set forth in paragraphs #18-19, and #23 constitute fraud which defendants have concealed paragraphs #9-12.

## COUNT IV
### (Fourth Cause of Action)

29. Plaintiffs adopt and incorporate herein the facts and allegations set forth in paragraphs #1

* U.S. Bank at all times acted through its agent Nationstar Mortgage, LLC.

-9-

through #24 and submit the ASIC's selling U.S. Bank a Master Insurance Policy (MIP) knowing that U.S. Bank would issue coverage therefrom to thousands of residences within it portfolio, whether they were insurable or not was part of a scheme to defraud borrowers like the Diazes. This concealed scheme constitutes fraud and warrants allowance of discovery.

## PRAYER FOR RELIEF

30. Plaintiffs seek declaratory & injunctive relief, compensatory and punitive damages as follows.

   i) Declaratory relief in the form of an order declaring that the actions of the defendants constituted Breach of Contract, Breach of Implied Covenant of Good Faith & Fair Dealing and Fraud;
   ii) Injunctive relief in the form of an order enjoining the defendant U.S. Bank to act as a de facto insurance company and issue coverage;
   iii) Compensatory damages in the amount of $51,000 (for the removal of the walls, studs, ceilings that are contaminated with mold and replacement thereof) $15.000 (for the replacement of furniture ruined from the collapsed ceiling) $20,000 (to cover liens/bills related to the collapsed ceiling) and $150,000 (for the physical, mental and psychological harm and suffering inflicted on plaintiffs for a total of: $236,000.00; and the $4,630 cost of the coverage;
   iv) Punitive damages in the amount of $10,000,000 from each defendant;

-10-

v) Filing fees and costs (copying & postage);
vi) Any other additional relief that this Honorable Court deems just and proper.

31. Plaintiffs submit, under penalty of perjury that the foregoing facts are true and correct.

On this 1st day of June 2023 /s/ *Maria Diaz*
Maria Diaz
743 W 53 Street
Hialeah FL 33012
Grimlawfla@aol.com

On this 8th day of June 2023 /s/ *Enrique Diaz*
Enrique Diaz #065599
Okaloosa Correctional Inst.
3189 Col Greg Malloy Rd
Crestview FL 32539

## CERTIFICATE OF SERVICE

I certify that the foregoing has been turned over to prison officials at Okaloosa CI for mailing on this 9th day of June 2023 to: Honorable Clerk of Court, 400 N. Miami Avenue, Miami, FL 33128.

/s/ *Enrique Diaz*
Enrique Diaz, affiant

-11-

# DECLARATIONS

## AMERICAN SECURITY INSURANCE COMPANY
PO BOX 50355, ATLANTA, GA 30302
A Stock Insurance Company

**CERTIFICATE NUMBER:** MLR07299587947

| CERTIFICATE PERIOD: | | | Issued under the provisions of Master Policy No.: MIP-RCH-00729-00 |
|---|---|---|---|
| EFFECTIVE DATE 02/26/2019 | EFFECTIVE TIME 12:01 am | EXPIRATION DATE 02/26/2020 | |

**NAMED INSURED and Mailing Address:**
NATIONSTAR MORTGAGE LLC
ITS SUCCESSORS AND/OR ASSIGNS
P.O. BOX 7729
SPRINGFIELD, OH 45501-7729

**For Company Use:**
Basis:
Territory: 0018
Class:
Other: FIR SFD  007290000 OTHER

**DESCRIBED LOCATION.** The property covered by this Certificate is at the described location unless otherwise stated:
743 W 53RD ST
HIALEAH, FL 33012

**COVERAGE AND LIMITS OF LIABILITY** - Coverage is provided only where a premium is shown for the coverage, subject to all conditions of this Certificate.

**RESIDENTIAL PROPERTY:**

| LIMIT OF LIABILITY | DEDUCTIBLES | PREMIUM |
|---|---|---|
| Coverage A - $233,000 Coverage B - 10% of Coverage A | Windstorm, Hail or Hurricane: 2% of the Limit of Liability or $2,000, whichever is greater. All Other Perils: $2,000 | $4,630.00 |
| | TOTAL PREMIUM | $4,630.00 |

**COMMERCIAL PROPERTY:**

| LIMIT OF LIABILITY | DEDUCTIBLES | PREMIUM |
|---|---|---|
| Building - | Windstorm, Hail or Hurricane: % of the Limit of Liability or , whichever is greater. All Other Perils: | |
| | TOTAL PREMIUM | |

Optional Coverages, Assessments, Surcharges, Taxes, Fees (if applicable):

| | TOTAL AMOUNT | $4,630.00 |
|---|---|---|

**FORMS AND ENDORSEMENTS** which are made a part of this Certificate at the time of issuance:
MIP 223 AS (01-12),MIP 233 (01-12),MIP 05 FL (01-12),MIP 243 FL (12-17)
MIP 304 FL (02-13),NOTI1256 (03-14),MIP 219 (01-12),MIP 239 FL (02-13)

**BORROWER - Name and address:**
MARIA FERRER
743 W 53RD ST
HIALEAH, FL 33012

Loan No.: 0618769376-011D

CLAIMS: 1-800-326-7781

Issue Date: 05/20/2019

ALL OTHER INQUIRIES:
1-866-825-9267

Countersignature (where required)

MIP 04 AS (01-12)              Page 1 of 1              MIP04ASR-1116

EXHIBIT #1

Enrique Diaz #065599
Okaloosa Correctional Institution
3189 Col. Greg Malloy Rd
Crestview FL 32539

U.S.M.S.
INSPECTED
BY:_____

CLERK OF COURT
U.S. DISTRICT COURT
400 N MIAMI AVENUE
MIAMI FL 33128

New Filing

PROVIDED TO
OKALOOSA CI

JUN 09 2023

FOR MAILING
RECEIVED BY