UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-cv-22271-GAYLES

MARIA DIAZ and
ENRIQUE DIAZ,

        Plaintiffs,

v.

U.S. BANK, N.A., *et al.*,

        Defendants,
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiffs Maria Diaz and Enrique Diaz, appearing pro se, filed this action on June 20, 2023. [ECF No. 1]. Because Plaintiffs failed to pay the filing fee, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable.[1] Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain

---

[1] Plaintiffs have not moved to proceed in forma pauperis, but the Court construes their pro se Complaint, filed without payment of the filing fees, to include a request to proceed *in forma pauperis*.

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

The Court is first obligated to consider whether a claim falls within its subject matter jurisdiction and dismiss the claim if it finds subject matter jurisdiction to be lacking. *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012); *see also Dutta-Roy v. Fain*, No. 14-0280, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014); accord Fed. R. Civ. P. 12(h)(3). "Subject-matter jurisdiction . . . refers to a tribunal's power to hear a case." *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009) (citations and internal quotation marks omitted). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

Plaintiffs filed this action against Defendants U.S. Bank, N.A. ("U.S. Bank") and American Security Company ("American") asserting Florida state law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and fraud. [ECF No. 1]. Plaintiffs state that the Court has diversity jurisdiction over their claims. However, the Complaint fails to adequately allege the citizenship of the parties or the requisite amount in controversy. *See* 28 U.S.C. § 1332(a) (diversity jurisdiction requires fully diverse citizenship of the parties and an amount in controversy over $75,000). Plaintiffs allege that (1) they are

owners of a residence in Florida, (2) U.S. Bank is "headquartered" in Minnesota, and (3) ASIC is "headquartered" in Georgia. [ECF No. 1 ¶¶ 1-3]. However, to establish the citizenship of an individual, "[r]esidence alone is not enough." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013); *see also Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person."). Moreover, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).[2] Considering these standards, Plaintiffs' allegation regarding their residence and Defendants' headquarters are insufficient to establish diversity jurisdiction. In addition, it is unclear from the Complaint whether the amount in controversy exceeds $75,000. Therefore, the Court cannot determine whether it has diversity jurisdiction over Plaintiffs' claims. Moreover, the Complaint does not raise federal question jurisdiction or jurisdiction under a specific statutory grant. Accordingly, the Complaint must be dismissed for lack of subject matter jurisdiction.[3]

Based thereon, it is

**ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** and **CLOSED** for administrative purposes. All pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of June, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[2] Insurers, like ASIC, are deemed citizens of "every state and foreign state of which the insured is a citizen", the state where it is incorporated, and the location of its principal place of business. 28 U.S.C. § 1332(c)(1).

[3] The Court notes that even if Plaintiffs had adequately alleged diversity jurisdiction, their claims would likely be dismissed for failure to state a claim as Plaintiffs fail to allege the elements of each of their claims. Moreover, this action is nearly identical to an action Plaintiffs filed against Nationstar Mortgage LLC, U.S. Bank's loan servicer, that was dismissed with prejudice for failure to state a claim. *See Diaz v. Nationstar Mortgage, LLC,* No. 19-cv-22148, 2021 WL 716637, at *3 (S.D. Fla. Jan. 25, 2021) *aff'd* No. 21-10570, 2023 WL 334569 (11th Cir. Jan. 20, 2023).